IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARGARET BAUMGARNER,                    3:12-CV-01174-BR

       Plaintiff,

                                 OPINION AND ORDER

v.

COMMUNITY SERVICES, INC.,

       Defendant.


DANIEL J. SNYDER
CARL LEE POST
CYNTHIA J. GADDIS
Law Offices of Daniel Snyder
1000 S.W. Broadway
Suite 2400
Portland, OR 97205
(503) 241-3617

      Attorneys for Plaintiff

LYNDA J. HARTZELL
COLIN M. LOVE-GEIGER
Tonkon Torp LLP
1600 Pioneer Tower
888 S.W. Fifth Avenue
Suite 1600
Portland, OR 97204-2099
(503) 802-2153

      Attorneys for Defendants


1 - OPINION AND ORDER

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#38) to Strike Answer to Complaint, Counterclaim; Plaintiffs' Alternative Motion (#38) to Make More Definite and Certain; and Defendant's Alternative Motion (#45) for Extension of Time.  For the reasons that follow, the Court **DENIES** Plaintiff's Motion to Strike, **DENIES** Plaintiff's Alternative Motion to Make More Definite and Certain, and **DENIES as moot** Defendant's Alternative Motion for Extension of Time.

## BACKGROUND

On July 3, 2006, Plaintiff Margaret Baumgarner began working for Defendant Community Services, Inc., as a Lifestyle Support Specialist.

On September 15, 2010, Defendant terminated Plaintiff's employment effective August 31, 2010.

On July 2, 2012, Plaintiff filed a Complaint in this Court asserting claims for (1) violation of the Family Medical Leave Act (FMLA), 29 U.S.C. § 2601, *et seq.*; (2) violation of the Oregon Family Leave Act (OFLA), Oregon Revised Statute § 659A.150; (3) sex discrimination in violation of Oregon Revised Statute § 659A.030; (4) religious discrimination in violation of Oregon Revised Statute § 659A.030; and (5) wrongful termination.

On July 20, 2012, before Defendant filed an Answer,

2 - OPINION AND ORDER

Plaintiff filed a First Amended Complaint asserting claims for (1) violation of FMLA (2) violation of OFLA; (3) sex discrimination in violation of Oregon Revised Statute § 659A.030; (4) religious discrimination in violation of Oregon Revised Statute § 659A.030; (5) wrongful termination; (6) sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2; and (7) religious discrimination in violation of Title VII, 42 U.S.C. § 2000e-2.

On August 6, 2012, Defendant filed an Answer in which it asserted affirmative defenses of failure to state a claim, failure to mitigate, unclean hands, nondiscriminatory reason for termination, and waiver.

On September 20, 2012, the Court held a Rule 16 conference and set January 22, 2013, as the deadline for the parties to amend pleadings and/or to join parties in this matter.  The Court set the close of fact discovery on March 1, 2013.

On January 2, 2013, the Court held a discovery conference and extended the close of fact discovery to April 1, 2013.

On January 22, 2013, Plaintiff filed a Second Amended Complaint to add a claim for discrimination based on marital status in violation of Oregon Revised Statute § 659A.030.

On February 8, 2013, Defendant filed an Answer to Plaintiff's Second Amended Complaint asserting Affirmative Defenses of failure to state a claim, failure to mitigate,

3 - OPINION AND ORDER

unclean hands, nondiscriminatory reason for termination, waiver, and estoppel.

On February 25, 2013, Defendant filed an Amended Answer to Plaintiff's Second Amended Complaint in which it asserted Affirmative Defenses of failure to state a claim, failure to mitigate, unclean hands, nondiscriminatory reason for termination, waiver, estoppel, failure to exhaust, preemption, good faith, statute of limitations, "same actor," and that Plaintiff's claims are barred in whole or in part by Oregon Revised Statute § 30.275.  Defendant also added a Counterclaim for attorneys' fees and costs.

On February 26, 2013, the Court issued an Order extending the fact-discovery deadline to May 1, 2013; the deadline for the parties to submit their joint statement of agreed facts to May 5, 2013; and the dispositive-motion deadline to June 1, 2013.

On March 12, 2013, Plaintiff filed a Motion to Strike Answer to Complaint, Counterclaim pursuant to Federal Rule of Civil Procedure 12(f) and an Alternative Motion to Make More Definite and Certain.  On March 29, 2013, Defendant filed an Alternative Motion for Extension of Time to file its Amended Answer to Plaintiff's Second Amended Complaint if the Court granted Plaintiff's Motion to Strike.  The Court took the Motions under

advisement on April 13, 2013.[1]

## STANDARDS

Federal Rule of Civil Procedure 12(f) provides "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

"'The purpose of a Rule 12(f) motion is to avoid spending time and money litigating spurious issues.'" *Kirola v. City and County of San Francisco*, No. C 07-3685 SBA, 2011 WL 89722, at *1 (N.D. Cal. Jan. 11, 2011)(quoting *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010)). *See also Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993)(same), *rev'd on other grounds*, 510 U.S. 517 (1994). "'[M]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted.'" *Id.* (quoting *Stanbury Law Firm v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000)).

---

[1] On April 15, 2013, Plaintiff filed a Reply in Support of her Motion to Strike.  Replies to motions to strike are not permitted under Local Rule 7.  In addition, Plaintiff did not seek leave of Court to file a Reply to her Motion to Strike.  The Court, therefore, does not consider Plaintiff's Reply.

## DISCUSSION

### I.   Plaintiff's Motion to Strike

Plaintiff moves to strike Defendant's Affirmative Defenses of estoppel, failure to exhaust, preemption, good faith, statute of limitations, "same actor," and that Plaintiff's claims are barred in whole or in part by Oregon Revised Statute § 30.275 as well as Defendant's Counterclaim for attorneys' fees.  Plaintiff does not assert the Affirmative Defenses and Counterclaim are redundant, immaterial, impertinent, or scandalous.  Instead, Plaintiff moves to strike them on the ground that Defendant pled them untimely.  Specifically, Plaintiff contends Defendant was required to raise any and all affirmative defenses and counterclaims in its Answer to Plaintiff's First Amended Complaint under Federal Rule of Civil Procedure 8(c)(1) and/or Defendant was required to add any additional defenses by January 22, 2013, the deadline the Court set to file any amended pleadings at the September 20, 2012, Rule 16 conference.

Defendant, however, points out that Federal Rule of Civil Procedure 15(a)(3) provides "any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later."  In addition, Federal Rule of Civil Procedure 6(d) provides "[w]hen a party may or must act within a specified time after service is made [via CM/ECF], 3

6 - OPINION AND ORDER

days are added after the period would otherwise expire."
Accordingly, Defendant had 17 days after Plaintiff filed its
Second Amended Complaint on January 22, 2013, to file its Answer.
Defendant filed its Answer to Plaintiff's Second Amended
Complaint on February 8, 2013, which was within 17 days of
January 22, 2013.

In addition, Federal Rule of Civil Procedure 15(a) permits a
party to "amend its pleading once as a matter of course within 21
days after serving it."  Defendant filed its Amended Answer to
Plaintiff's Second Amended Complaint on February 25, 2013, which
is less than 21 days after Defendant filed its Answer to
Plaintiff's Second Amended Complaint.

The Court, therefore, concludes Defendant's Amended Answer
to Plaintiff's Second Amended Complaint was not untimely.

As to Plaintiff's assertion that Defendant was required to
assert all of its affirmative defenses and counterclaims in its
Answer to Plaintiff's First Amended Complaint pursuant to Federal
Rule of Civil Procedure 8(c)(1), the Ninth Circuit has
"liberalized the requirement that defendants must raise
affirmative defenses in their initial pleadings." *Owens v.
Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir.
2001)(quotation omitted).  The Ninth Circuit has held a defendant
may raise an affirmative defense at a later time as long as the
delay does not prejudice the plaintiff.  *Id.  See also Magana v.*

*Commonwealth of the N. Mariana Islands*, 107 F.3d 1436, 1446 (9th Cir. 1997)("[D]efendants may raise an affirmative defense for the first time in a motion for summary judgment only if the delay does not prejudice the plaintiff."). In addition, mere untimely assertion of an affirmative defense is insufficient to establish prejudice. *Owens*, 244 F.3d at 713.

Plaintiff does not allege any prejudice that resulted from Defendant asserting additional affirmative defenses and a Counterclaim in its February 25, 2013, Amended Answer. The Court notes fact discovery does not close in this matter until May 1, 2013, and dispositive motions are not due until June 1, 2013. The Court, therefore, concludes Plaintiff has not established she is prejudiced by the addition of these Affirmative Defenses and Counterclaim and, moreover, it appears Plaintiff has sufficient time to conduct any additional discovery required by Defendant's assertion of the additional Affirmative Defenses and Counterclaim. Accordingly, the Court denies Plaintiff's Motion to Strike.

## II. Plaintiff's Alternative Motion to Make More Definite and Certain

In the alternative, Plaintiff moves for an order requiring Defendant to plead all of its Affirmative Defenses with more certainty.

Federal Rule of Civil Procedure 12(e) provides in pertinent part:

8 - OPINION AND ORDER

> A party may move for a more definite statement of
> a pleading to which a responsive pleading is
> allowed but which is so vague or ambiguous that
> the party cannot reasonably prepare a response.
> The motion must be made before filing a responsive
> pleading and must point out the defects complained
> of and the details desired.

"[M]otions for a more definite statement are disfavored, and ordinarily restricted to situations where a pleading suffers from unintelligibility rather than want of detail." *Medrano v. Kern County Sheriff's Officer*, No. 1:12-CV-00564 AWI JLT, 2013 WL 433119, at *2 (E.D. Cal. Feb. 1, 2013)(citations omitted).

> A Rule 12(e) motion is proper only if the
> [pleading] is so indefinite that the [plaintiff]
> cannot ascertain the nature of the [defense] being
> asserted in order to frame a response. *See
> Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525
> F. Supp. 940, 949 (E.D. Cal. 1981). The Court
> must deny the motion if the [pleading] is specific
> enough to notify [plaintiff] of the substance of
> the [defense] being asserted. *See Bureerong v.
> Uvawas*, 922 F. Supp. 1450, 1461 (C.D. Cal. 1996).
> The Court may also deny the motion if the detail
> sought by a motion for a more definite statement
> is obtainable through the discovery process.
> *Beery v. Hitachi Home Electronics (America), Inc.*,
> 157 F.R.D. 477, 480 (C.D. Cal. 1993).

*Id.*

Defendant's Affirmative Defenses are not unintelligible.  In addition, as noted, Plaintiff has sufficient time to conduct additional discovery to obtain details related to Defendant's Affirmative Defenses.

Accordingly, the Court denies Plaintiff's Alternative Motion to Make More Definite and Certain.

9 - OPINION AND ORDER

## CONCLUSION

For these reasons, the Court **DENIES** Plaintiff's Motion (#38) to Strike Answer to Complaint, Counterclaim and **DENIES** Plaintiffs' Alternative Motion (#38) to Make More Definite and Certain.  Because the Court has denied Plaintiff's Motion to Strike, the Court also **DENIES as moot** Defendant's Alternative Motion (#45) for Extension of Time.

Because Defendant's Amended Answer to Plaintiff's Second Amended Complaint stands, Plaintiff may file a reply thereto **no later than May 1, 2013**.  If it appears necessary to the parties to adjust the case-management schedule again, they may submit a joint motion to that effect in due course.

IT IS SO ORDERED.

DATED this 17th day of April, 2013.


ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER